IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), ET AL., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CASE NO. 3:23-CV-324-E |
| VETERAN OWNED SERVICES GROUP, LLC, ET AL., | § § § § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 34, Plaintiffs' *Motion for Default Judgement as to All Defendants*, Doc. 26, is before the undersigned magistrate judge for findings and a recommended disposition. For the reasons that follow, the motion should be **TERMINATED AS MOOT** and the Clerk's Entry of Default as to all defendants be set aside.

**I. BACKGROUND**

Based on diversity jurisdiction, Plaintiffs sued Defendants, Veteran Owned Services Group, LLC; Alan Wilson; Monica Wilson; Woo Han; Kelly Han; Jay Johnson; Danielle Johnson; Gulshan Singh Oshan; and Zephyr SolCon, LLC, for breaching the parties' indemnity agreement. Doc. 1, *passim*. Despite being served with a copy of the summons and complaint, no Defendant answered or otherwise appeared in this action. Doc. 6-14. Upon Plaintiffs' request, the Clerk of Court entered default against Defendants. However, before Plaintiffs moved for default judgment, they amended their complaint to remove Jay Johnson and Danielle Johnson as

defendants, but leaving their substantive breach-of-the-indemnity-agreement claim the same as to remaining Defendants. *Compare* Doc. 1 at 6 *with* Doc. 24 at 6-7.  Plaintiffs then moved for default judgment on their original complaint.[1]  Doc. 26.

## II. APPLICABLE LAW

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  Even if an amended complaint is "substantively identical to the original complaint's claims and allegations against [a defendant]," default judgment is improper as to that defendant if the amended complaint fails to "refer to and adopt" or "incorporate by reference" the original complaint.  *See Anselme v. Griffin*, No. 3:20CV00005, 2021 WL 2152512, at *2-*3 (W.D. Va. May 26, 2021) (vacating as moot the Clerk's entry of default against a defendant when the allegations in the amended complaint were unchanged as to him).  Likewise, a motion for default judgment based on an inoperative complaint is moot.  *State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1-2 (N.D. Tex. Jan. 16, 2009) (O'Connor, J.).

## III. ANALYSIS

The filing of Plaintiffs' amended complaint is significant with respect to the motion *sub judice*.  Plaintiffs moved for default judgment on their *original* complaint.  Doc. 26.  Even though the amended complaint is "substantively identical to the original complaint's claims and allegations against [the remaining defendants]," it does not "refer to and adopt" or "incorporate

---

[1] Plaintiffs have since filed a second amended complaint, which is now the operative complaint. Doc. 31.  The second amended complaint removed Kelly Han and Woo Han as defendants.  Doc. 31.

by reference" any portion of the original complaint. See Anselme, 2021 WL 2152512, at *2-*3. Plaintiffs' amended complaint thus supersedes their original complaint and renders it a legal nullity. See King, 31 F.3d at 346.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion for Default Judgment as to all Defendants*, Doc. 10, should be **TERMINATED AS MOOT** and the Clerk's Entry of Default as to all defendants be set aside. See Fazeli v. Dallas MTV, LLC, 3:16-CV-0749-B, 2017 WL 1426334, at *2 (N.D. Tex. Apr. 21, 2017) (Boyle, J.) (observing that a court may set aside an entry of default *sua sponte*) (citation omitted).

**SO RECOMENDED** on October 26, 2023.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).