IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), ET AL., | § § § § | |
| PLAINTIFFS, | § | |
| V. | § § | CASE NO. 3:23-CV-324-E (BK) |
| VETERAN OWNED SERVICES GROUP, LLC, ET AL., | § § § § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 45, Plaintiffs' *Amended Motion for Default Judgment*, Doc. 44, is before the Court for the issuance of findings and a recommended disposition. As stated here, the motion should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

Plaintiffs sue Defendants for breach of the parties' indemnity agreement, seeking damages, pre-judgment interest, post-judgment interest, attorneys' fees, and court costs. Doc. 31, *passim*. Despite being served with a copy of the summons and *Second Amended Complaint*, no Defendant has answered or otherwise appeared, and the time to do so has expired. Doc. 35-36, 38-40. Plaintiffs now move for default judgment.

Under Federal Rule of Civil Procedure 55, a default occurs when defendants fail to plead or otherwise respond to a properly served complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). However, before a party may obtain a default judgment, the Clerk of Court must have first entered a default. *Id.*; FED. R. CIV. P. 55(a). When

the plaintiff fails to receive the Clerk's entry of default on the operative complaint before moving for default judgment, a motion seeking default judgment has failed to satisfy Rule 55's requirements and is thus premature. *Bank of New York Mellon Tr. Co. as Tr. for Mortg. Assets Mgmt. Series I Tr. v. Dabney*, No. 3:18-CV-1606-M-BK, 2022 WL 1528174, at *2 (N.D. Tex. Apr. 14, 2022) (Toliver, J.) (citations omitted), *adopted by*, No. 3:18-CV-1606-M-BK, 2022 WL 1524137 (N.D. Tex. May 13, 2022) (Lynn, C.J.).

Here, Plaintiffs have failed to request and obtain the Clerk's entry of default on the *Second Amended Complaint* before moving for default judgment.[1] Although obviously just an oversight, Plaintiffs nevertheless have failed to satisfy a requisite to obtaining a default judgment, rendering the motion *sub judice* "defective." *See Dabney*, 2022 WL 1528174, at *1-*2 (finding a motion for default judgment "defective" when the plaintiff failed to request the Clerk's entry of default on the operative complaint before moving for default judgment) (citations and internal quotation marks omitted).

For the foregoing reasons, Plaintiffs' *Amended Motion for Default Judgment*, Doc. 44, should be **DENIED WITHOUT PREJUDICE AS PREMATURE**.

**SO RECOMMENDED** on January 17, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Over Plaintiffs' objection, District Judge Ada Brown adopted the undersigned's recommendation and set aside the Clerk's previous entry of default. Doc. 42; Doc. 43. Plaintiffs have not since requested the Clerk's entry of default on the *Second Amended Complaint*.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).