IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), ET AL., PLAINTIFFS, | § § § § | |
| V. | § § | CASE NO. 3:23-CV-324-E (BK) |
| VETERAN OWNED SERVICES GROUP, LLC, ALAN WILSON, GULSHAN SINGH OSHAN, ZEPPYR SOLCON, LLC, AND MONICA WILSON, DEFENDANTS. | § § § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's referral order, Doc. 50,  Plaintiffs' *Second Amended Motion for Default Judgment*, Doc. 49, is before the Court for the issuance of findings and recommended disposition.  As detailed herein, the motion should be **GRANTED**.

## I. BACKGROUND

In this diversity jurisdiction case, Plaintiffs claim Defendants breached the parties' indemnity agreement ("the Agreement").  Doc. 31, *passim*.  Plaintiff-entities, both Iowa insurance and bonding companies, allege that they issued a number of performance and payment bonds upon Defendant Veteran Owned Services Group's request, as contractually obligated under the Agreement.  Doc. 31 at 1, 4.  Plaintiffs further contend that after the bonds were executed, Defendant Veteran Owned Services Group, LLC, a contractor and "the Principal," was "issued notices of default and/or terminated by the [bonds'] obligees," and did not formally contest the same.  Doc. 31 at 4.  Thereafter, Plaintiffs received claims against the bonds

indicating that Defendant Veteran Owned Services Group failed to pay for "labor and/or materials" provided on bonded projects and failed to complete the contracted scope of work. Doc. 31 at 5.  Plaintiffs assert they have incurred, and continue to incur, losses as a result of these claims.  Doc. 31 at 5.

> The Agreement provides:
>
> The Undersigned shall unconditionally indemnify and keep indemnified the Company against any and all liability, loss and expenses of whatsoever kind or nature, including, but not limited to, court costs, attorneys' fees, and interest, which the Company may sustain or incur (1) by reason of having executed or procured execution of any Bond or Bonds . . . .

Doc. 31 at 4; Doc. 49-1 at 6.  However, Plaintiffs allege that Defendant Veteran Owned Services Group and the remaining Defendants—who each subscribed to the Agreement as "Indemnitors"—have failed to indemnify Plaintiffs for their losses as required under the Agreement.  Doc. 31 at 5.

The operative complaint asserts a claim for breach of contract.  Doc. 31 at 6.  As relief, Plaintiffs seek monetary damages, pre-judgment interest, post-judgment interest, attorneys' fees and expenses (pled as a claim), and court costs.  Doc. 31 at 6-7.

Despite being served with a copy of the summons and complaint, no defendant has answered or otherwise appeared, and the time to do so has passed.  Doc. 35-36, 38-40.  Upon Plaintiffs' request, the Clerk of Court entered default against Defendants.  Doc. 47; Doc. 48. Plaintiffs now move for default judgment pursuant to Federal Rule of Civil Procedure 55.  Doc. 49.

## II. APPLICABLE LAW

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,*

874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).  Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  Rather, courts have discretion to determine the appropriateness of an entry of default judgment.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  A party seeking a default judgment must satisfy three steps: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment.  FED. R. CIV. P. 55; *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Under the third step, the court first considers whether a default judgment is procedurally warranted by examining the *Lindsey* factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *Lindsey*, 161 F.3d at 893.

Second, the court evaluates whether the pleadings provide a sufficient basis for the judgment.  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).  At this step, the court assumes only that the defaulting defendant admits all well-pleaded facts in the complaint.  *Id.*

Finally, the Court determines what relief, if any, the plaintiffs should receive.  *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).  The relief requested in the complaint limits the relief available by default judgment.  FED. R. CIV. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  Courts typically do not award damages without a hearing or a demonstration by detailed affidavits establishing the necessary facts.  *See United Artists Corp. v.*

3

*Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam).  But a hearing is unnecessary if the amount of damages can be determined through a mathematical calculation by referring to the pleadings and supporting documents.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III. ANALYSIS

### A.  Default judgment is procedurally warranted.

The *Lindsey* factors favor granting default judgment in this case. [1]  Given Defendants' failure to answer the allegations, no material issues of fact exist.  Second, Defendants' failure to answer Plaintiffs' complaint or otherwise appear threatens to bring this case to a halt, which would substantially prejudice Plaintiffs' interests.  *Gandy v. Lynx Credit*, No. 3:14-CV-0369-B, 2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (Boyle, J.) (citing *Lindsey*, 161 F.3d at 893).  Third, the grounds for default are clearly established as well because Defendants were properly served several months ago and have neither filed an answer nor explained their reticence to do so.  *Cf. Elite v. The KNR Grp.*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent a letter to the court explaining why he failed to appear).  Fourth, the record reveals no evidence that Defendants' silence stems from good faith mistake or excusable neglect.  Fifth, while default judgment is harsh, no alternative means would allow Plaintiffs to exercise their rights.  And the Court is unaware of any facts that would constitute "good cause" to set aside the default if challenged by Defendants.  Thus, default judgment is procedurally warranted.

---

[1] To begin, Plaintiffs have established that Defendants are not minors, incompetent persons, or persons engaged in military service.  Doc. 49-2; *see* FED. R. CIV. P. 55(b) (permitting entry of default judgment against minors or incompetent persons "only if represented by a general guardian, conservator, or other like fiduciary"); Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq*.

4

**B. Plaintiffs' operative complaint provides a sufficient basis for default judgment.**

Plaintiffs' sued Defendants for breaching the Agreement. Doc. 31 at 6. In essence, Plaintiffs allege that the Agreement requires Defendants to pay for their losses, and they never did so. Doc. 31 at 5. The Court thus construes this claim as one for breach of contract. Under Texas law, such a claim has four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Hous. [14th Dist.] 2005, pet. denied)) (internal quotations omitted).

Each element is met here. A valid contract exists, as Plaintiffs have pleaded the existence of the same and attached a copy of the Agreement executed by Defendants to the motion *sub judice*. Doc. 31 at 2-3; Doc. 49-1; *see also Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (explaining that, in considering whether to enter a default judgment, evidence can be used to further support allegations in the complaint). Plaintiffs tendered performance upon issuing the bonds in question. Doc. 31 at 4. Defendants then breached the Agreement by failing to repay $1,609,298.36 for losses suffered in connection with the bonds. Doc. 31 at 5; Doc. 49-1 at 3, 12. That amount constitutes the actual damages suffered by Plaintiffs as a result of Defendants' breach. Accordingly, Plaintiffs' breach of contract claim is substantively meritorious.

**C. Plaintiffs are entitled to relief.**

Plaintiffs' operative complaint seeks monetary damages, attorneys' fees, court costs, and pre- and post-judgment interest. Doc. 31 at 7. The instant motion, however, does not seek attorneys' fees. Doc. 49 at 2 (seeking only "[damages] in the amount $1,609,298.36, plus court

costs, pre-judgment interest and post-judgment interest at rate permitted at law"). Because Plaintiffs have not re-asserted their request for attorneys' fees, they are deemed to have abandoned it. *See Versatile Processing Group, Inc. v. Amino Transp., Inc.*, 6:14-CV-832, 2015 WL 1737769, at *2-3 (E.D. Tex. Apr. 6, 2015) (refusing to grant an award of attorneys' fees where "[t]he proposed Default Judgment submitted by Plaintiffs does not include an award of attorney[s'] fees."); *see also United States ex rel. Kim v. Mun*, 2:10-CV-1988-SVW-MAN, 2013 WL 12123970, at *7 n.6 (C.D. Cal. July 23, 2013) (claims for damages mentioned in the pleadings but not in the motion for default judgment would be considered abandoned by the plaintiff) (citation omitted). Accordingly, the Court's analysis is limited to Plaintiffs' request for damages, court costs, and pre- and post-judgment interest.[2]

### 1. *Monetary Damages*

The Court must first determine whether damages can be calculated without a hearing. FED. R. CIV. P. 55(b)(2). Courts may do so if "the amount claimed is a liquidated sum or one capable of mathematical calculation," such as by referring to the pleadings and supporting documents. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *T–Mobile USA Inc. v. Shazia & Noushad Corp.*, No. CIV 3:08–cv–00341, 2009 WL 2003369, at *3 (N.D. Tex. July 10, 2009) (O'Connor, J.) (citation omitted). No hearing is necessary here, as Plaintiffs' complaint and the evidence accompanying the instant motion provide a sufficient basis for the Court to calculate damages.

---

[2] To the extent Plaintiffs also seek "all costs of collection, including, but not limited to, any Constable commission fees as set by any local County Commissioner's Court pursuant to Section 118.131 of the Texas Local Government Code," such relief is not appropriate, as it appears only in the proposed final judgment, not in the operative complaint. *See* FED. R. CIV. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Plaintiffs request $1,609,298.36, which represents the amount they are owed pursuant to the Agreement. Doc. 31; Doc. 49 at 3. And they have provided competent evidence in support of the same. *See* Doc. 49-1 at 1-4, 12 (affidavit of Plaintiffs' claims attorney attesting to amount of damages and itemized calculation of the amount in "Principal Loss Report"); *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (stating that the court relied on affidavits, documentary evidence, and the judge's personal knowledge of the record). Such relief is thus appropriate here.

### 2. *Court Costs*

Under the Agreement, Plaintiffs are also entitled to the "court costs" that they incurred in "enforc[ing]any of [its] the covenants and conditions." Doc. 49-1 at 6. That said, Plaintiffs have not requested a specific amount of costs, so they may re-urge this request in a subsequent motion.

### 3. *Pre-Judgment Interest*

Because this is a diversity case in which Texas law applies, Texas law governs pre-judgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011). "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998)). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *Int'l Turbine Servs., Inc.*, 278 F.3d at 499. Because the claims here do not fall within the statutory provisions, pre-judgment interest in this case is governed by Texas

common law.  *Id.*  "Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract."  *Id.*

When, as here, an interest rate is not specified in the parties' contract, pre-judgment interest is calculated based on the statutory rate for post-judgment interest provided in section 304.003 of the Texas Finance Code.  *Id.*  That section provides, in pertinent part, that the post-judgment interest rate is "(1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"; [or] (2) "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System . . . is less than five percent[.]"  TEX. FIN. CODE § 304.003(c)(2).  The current prime rate is 8.50 percent, which is greater than five percent.  Selected Interest Rates (Daily) – H.15, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, https://www.federalreserve.gov/releases/H15/  (last visited Feb. 21, 2024).

Moreover, the Texas Finance Code provides that such interest begins to accrue on the earlier of: (1) 180 days after the date the defendant received written notice of a claim; or (2) the date suit is filed.  TEX. FIN. CODE § 304.104; *Kenneco Energy*, 962 S.W.2d at 532 (extending the statutory rule to pre-judgment interest awards governed by the common law).

Here, the operative complaint reflects that Plaintiffs notified Defendants of a claim as early as January 11, 2023.  Doc. 31 at 5.  Yet this action was filed on February 11, 2023, which falls within 180 days of that date.  Doc. 1.  Thus, pre-judgment interest will accrue at the rate of 8.50 percent from the date suit was filed until the date final judgment is entered.

### 4. *Post-Judgment Interest*

"Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. §

1961(a)).  The principal for calculating post-judgment interest is "the entire amount of the final judgment," including costs and pre-judgment interest.  *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991).  In turn, Plaintiffs' request for post-judgment interest should be granted and awarded at the applicable federal rate from the date of final judgment until it is paid in full.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' *Second Amended Motion for Default Judgment*. Doc. 49, should be **GRANTED.**  Default judgment should be **ENTERED** against Defendants in the amount of $1,609,298.36, bearing interest as set forth herein, and costs of court taxed against the remaining Defendants.

**SO RECOMMENDED** on February 28, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).